IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:25-cr-00022 |
| v. | **PLEA AGREEMENT** |
| HAYDEN JENNINGS MASON, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Nicholas W. Chase, United States Attorney for the District of North Dakota, and David L. Rappenecker, Assistant United States Attorney; Defendant, HAYDEN JENNINGS MASON; and Defendant's counsel, Erin Bolinger, agree to resolve this case under the following terms:

1. **Summary of Charges.** Defendant acknowledges the Information charges one count alleging a violation of Title 18, United States Code, Sections 1466A(b)(1) and 2252A(b)(2).

2. Defendant has read the Information, and Defendant's attorney has fully explained the charge and the essential elements to Defendant.

3. Defendant fully understands the nature and essential elements of the charged crime.

4. **Summary of Agreement.** Defendant will voluntarily plead guilty to the sole count of the Information and agree to forfeit the items listed in the Forfeiture Notice.

The United States will make the sentencing recommendation outlined below and move to dismiss the Indictment following imposition of sentence.

5.    **Waiver of Indictment.** Defendant waives the right to be charged by indictment. Defendant agrees that his attorney has explained to him the nature of the charge in the Information. Defendant agrees to sign a written waiver of this right in open court at the change of plea hearing.

6.    **Agreement is Non-Binding.** The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). This Plea Agreement is presented to the Court under Federal Rules of Criminal Procedure 11(c)(1)(A) and (B). The parties specifically agree that Rule 11(c)(1)(C) does not apply, and this Plea Agreement is non-binding on the Court. Once the United States makes the recommendations set forth in this Plea Agreement, then Defendant agrees that the United States will have fulfilled its obligations under this agreement. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

7.    **Factual Basis.** Defendant will plead guilty because Defendant is in fact guilty of this charge. In signing this Plea Agreement, Defendant acknowledges the following factual basis is true and accurate, and that it provides a sufficient factual basis to support all essential elements of the offense to which he is pleading guilty:

## Possession of Obscene Visual Representations

## of the Sexual Abuse of Children

On January 10, 2023, in the District of North Dakota, Defendant did knowingly possess any visual depiction of any kind that depicts a minor engaging in sexually explicit conduct and is obscene, and the visual depictions were previously shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. §§ 1466A(b)(1) and 2252A(b)(2).

Specifically, on the date above and while at a location within North Dakota, the Defendant possessed computer files that he obtained from the internet, and that contained obscene visual depictions of the sexual abuse of children. The Defendant possessed more than 600 such images, as defined in USSG § 2G2.2 comment. (n.6), some of which depicted prepubescent children.

8.     **Maximum Penalties.** Defendant understands that the charge to which he is pleading is a Class C felony offense that carries the following maximum penalties:

(a)     10 years of imprisonment under 18 U.S.C. § 2252A(b)(2);

(b)     $250,000 fine under 18 U.S.C. § 3571(b)(3); and

(c)     3 years of supervised release under 18 U.S.C. § 3583(b)(2).

9.     **Assessments.** Defendant further understands that the crimes to which he is pleading guilty carries the following assessment:

(a)    A mandatory assessment of $100 per count under 18 U.S.C. § 3013, which the Defendant agrees to pay to the Clerk of the United States District Court for the District of North Dakota on or before the day of sentencing.

10.    **Waiver of Rights.** Defendant understands that by pleading guilty he surrenders certain rights, including:

(a)    The right to a speedy public jury trial and related rights as follow:

(i)    A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)    If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses

for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv)    At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

11.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

12.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States Sentencing Commission Guidelines Manual (Nov. 2025). Defendant understands that the United States Attorney's Office will fully apprise the District Court and United States Probation and Pretrial Services ("USPPS") of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

13.    **Parties Bound.** This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state, local, or tribal prosecutor. This Plea Agreement does not bar, compromise, waive, or release any administrative, regulatory, or civil claim, demand, or cause of action brought by the United States.

14.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

15.    **Sentencing Guidelines.** The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 18. USSG § 2G2.2(a)(1).

16.    The parties agree that the following upward adjustments are applicable in this case and should be applied:

a)    +2, images depicting prepubescent minors, USSG § 2G2.2(b)(2);

b)    +2, use of computer, USSG § 2G2.2(b)(6); and

c)    +5, 600 or more images, USSG § 2G2.2(b)(7)(D).

17.    At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant demonstrates a genuine acceptance of responsibility. USSG § 3E1.1(a). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. USSG § 3E1.1(b).

18.    Neither the District Court nor USPPS is a party to the Plea Agreement. Neither the District Court nor USPPS is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may apply other adjustments the parties have not agreed upon. The parties reserve the right to argue for or object to any adjustment not otherwise agreed upon or waived in this plea agreement.

19.    **Sentencing Recommendation.** At sentencing, the United States will:

(a)    Recommend a time-served sentence;

(b)    Recommend three (3) years of supervised release;

(c)    Move to dismiss the Indictment following imposition of sentence.

20.    **Forfeiture.** The Defendant agrees to forfeit the item included in the Forfeiture Notice of the Information to the United States.

21.    **Consequences of Non-Compliance.** Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments under this agreement. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional

prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statements, or false declarations, if Defendant commits such acts in connection with this agreement or otherwise.

22.    **Restitution.** Defendant acknowledges that 18 U.S.C. § 3663A may require the Court to order restitution. Defendant agrees to pay restitution as ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

23.    **Plea Agreement Supplement.** The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

24.    **Defendant's Waiver of Appeal.** Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to

8

appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

25.    **Defendant's Waiver of Rule 11.** By signing this Plea Agreement, Defendant waives the right to seek to withdraw Defendant's guilty plea under Rule 11(d) of the Federal Rules of Criminal Procedure, effective as soon as the guilty plea has been entered in open court. If the District Court defers acceptance of Defendant's plea of guilty after entry for any reason, regardless of whether the United States agrees with the deferral of acceptance, then Defendant expressly waives the right to withdraw Defendant's plea of guilty at any time prior to sentencing under Rule 11(d)(1) of the Federal Rules of Criminal Procedure. Defendant acknowledges that the appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea should be denied and any appeal of such denial should be dismissed.

26.    **Consequences of Guilty Plea for Non-Citizens.** Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and

denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

27. **Rule 32(f) Agreement.** The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report through a presentence conference or other informal procedures.

28. **Complete Agreement.** Defendant acknowledges that this Plea Agreement, along with the Plea Agreement Supplement and any agreements signed by the parties prior to entry of Defendant's guilty plea, is the complete agreement between the United States and Defendant. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's counsel have discussed the case and reviewed the Plea Agreement. Defendant and Defendant's counsel have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

*The remainder of this page intentionally left blank.*

10

AGREED:

 

                            NICHOLAS W. CHASE
                            United States Attorney

Dated: _____March 10, 2026_____

By: DAVID L. RAPPENECKER
Assistant United States Attorney


Dated: 3/9/24

HAYDEN JENNINGS MASON
Defendant


Dated: 3/9/26

ERIN BOLINGER
Attorney for Defendant

11